IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR141 |
| v. | |
| LUTHER D. GILMORE, | ORDER |
| Defendant. | |

This matter is before the Court upon the motion of defendant Luther D. Gilmore ("Gilmore") for Temporary Release from Home Confinement (Filing No. 170). Gilmore seeks leave to travel to Omaha to attend the wake service and funeral of his stepson, Charles Fisher ("Fisher"). Tragically, Fisher was the victim of an apparent homicide on December 20, 2020.

On June 1, 2020, this Court granted Gilmore's motion for compassionate release (Filing No. 148) under 18 U.S.C. § 3582(c)(1)(A)(i). Gilmore's sentence was reduced to time served, and he began serving a period of supervised release, which included a one-year period of home confinement with electronic monitoring. The order allowed Gilmore to proceed immediately to his sister's residence in Oakland, California, which was deemed a suitable and safe location.

While the Court sympathizes with Gilmore's loss and his desire to be present at his stepson's funeral, the Court cannot square Gilmore's request for compassionate release—and the dire medical circumstances he described as the basis of his request—with his current statement that he is prepared to take the risk of infection with the coronavirus in order to pay his respects.

In his request for compassionate release, Gilmore urged that his continued incarceration at a federal medical facility placed him at dangerous and immediate risk,

given his long list of comorbidities.[1] The Court determined that those comorbidities established extraordinary circumstances, even when balanced against his extensive criminal history and his potential danger to the public. For Gilmore to now say he is willing to assume the risk of traveling cross-country in public transportation with his same medical conditions which led to his release, is inconsistent with his release, the very basis of which was to prevent him from contracting COVID-19. This is especially true given the troubling current increase in COVID-19 cases and hospitalizations nationwide.

The Court notes that the motion indicates that counsel for the government has been contacted and that he objects to this request. Given the reasons for compassionate release which were balanced against the 3553(a) factors, detailed in the release order, including Gilmore's danger to the community, Gilmore's request is denied.

IT IS SO ORDERED.

Dated this 23rd day of December 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[1] Gilmore's Second Revised Presentence Investigation Report ("Second Revised PSR") (Filing No. 129) documented Gilmore's verified and extensive health issues, such as "congestive heart failure, hypertension, tachycardia, shortness of breath, hyperlipidemia, . . . history of stroke, . . . seizures, diabetes, asthma and cataracts." The Second Revised PSR further noted Gilmore "had a personal defibrillator/pacemaker attached to his heart" which malfunctions and shocks him and that Gilmore "requires the assistance of a cane or a wheelchair."